KARL OLSON (SBN 104760)
QWALYNE L. LAWSON (SBN 304494)
AARON R. FIELD (SBN 310648)
CANNATA O'TOOLE FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone:      (415) 409-8900
Facsimile:      (415) 409-8904
Email:          kolson@cofolaw.com
                qlawson@cofolaw.com
                afield@cofolaw.com

Attorneys for Plaintiff
AMERICAN SMALL BUSINESS LEAGUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendants. | CASE NO.  3:18-CV-01979-WHA<br><br>**DECLARATION OF KARL OLSON IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**<br><br>Date:   January 24, 2019<br>Time:   8:00 a.m.<br>Judge:   Hon. William H. Alsup<br>Department: Ctrm. 12, 19th Floor |

DECLARATION OF KARL OLSON IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY
JUDGEMENT AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

CANNATA O'TOOLE FICKES & OLSON LLP
ATTORNEYS AT LAW
100 PINE STREET, SUITE 350, SAN FRANCISCO CA, 94111
TEL: 415.409.8900 – FAX: 415.409.8904

1.      I, Karl Olson, am a member in good standing of the State Bar of California and am a partner at Cannata, O'Toole, Fickes & Olson, counsel of record for plaintiff American Small Business League (hereafter "plaintiff" or "ASBL").  I make this declaration of personal knowledge (except as to matters stated on information and belief) and if called as a witness I could and would testify competently to the facts stated herein.

2.      Attached as **Exhibit A** hereto are two pages of documents produced to us by the Department of Justice ("DOJ") in this litigation, Bates-stamped MSJ00070-71, referring to a supposed Joint Defense Agreement entered into between counsel for the Department of Defense and counsel for defense contractor Sikorsky.  These documents indicate that the supposed Joint Defense Agreement was entered into on September 13, 2017.  The defendants in this case have not produced the Joint Defense Agreement.

3.      Attached as **Exhibit B** hereto are emails between Assistant United States Attorney Ellen London and Rex Heinke, counsel for Sikorsky, dated October 11, 2017, in which Ms. London states, "Rex and Jessica, As we discussed yesterday, we are formally withdrawing from the JDA, per the attached letter, given the current posture of the case."  Mr. Heinke replies, "Us too."  These emails were produced to us by the DOJ in this case, Bates-stamped MSJ 90.

4.      Attached as **Exhibit C** hereto is a letter dated November 7, 2017 from Paul Jacobsmeyer, chief of the Freedom of Information Division of the Department of Defense, to Rex Heinke, counsel for intervenor Sikorsky in *ASBL v. Department of Defense*, Case No. 14-cv-2166-WHA ("*ASBL I*").  This letter was produced to us in this case and is Bates-stamped MSJ000112-116.  In this letter, Mr. Jacobsmeyer tells Mr. Heinke that DOD will be releasing additional information from Sikorsky's fiscal year 2-13 Comprehensive Small Business Subcontracting Plan (the "Plan").  Mr. Jacobssmeyer tells Mr. Heinke that discovery in the case "revealed that at least for some of the information that has been redacted, the Company's witnesses were unable to establish that there is a likelihood of substantial competitive injury in the relevant market."  (Page MSJ000113.)  He goes on to question the declaration of Martha Crawford of Sikorsky (who has also provided a declaration in this case) and, citing also her

1

**DECLARATION OF KARL OLSON IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**

deposition testimony, states, "Sikorsky has failed to provide any evidence that there is a likelihood of substantial competitive harm in light of the fact that much of the redacted information is publicly available."  (Pages MSJ000114-115.)

5.      Attached as **Exhibit D** hereto are the most recent versions of the *Vaughn* indexes provided by defendants United States Department of Justice ("DOJ") and United States Department of Defense ("DOD") in response to the FOIA requests at issue in this case.

6.      Attached as **Exhibit E** hereto is a March 14, 2018 letter from Paul Jacobsmeyer, chief of the Freedom of Information Division of the Defense Department, to Sikorsky counsel Rex Heinke, informing Mr. Heinke that the government would be releasing additional information because, among other things, this Court "explained that it found the declarations of Sikorsky's witnesses to be generic and generally unpersuasive," and stating that "given the witnesses that are designated and the evidence available, the Government will not be able to prove at an evidentiary hearing that release of the dollar amount of the subcontracts would result in a likelihood of substantial competitive harm, as required by GC Micro."  (Page MSJ000173-74 of documents produced by the Government in this case.)  The Government pointed to "the absence of information that the information remains commercially sensitive."  (Page MSJ000174.)

7.      Attached as **Exhibit F** hereto is a document Bates-stamped MSJ 000730 produced in this case, an email from Susannah Raheb of Lockheed to Luz Vasquez of the government dated April 21, 2015, addressing, "Why are ___ numbers so low, compared to ____," with portions of the document redacted.  This document seems to indicate questions about Lockheed's compliance with small business subcontracting plan goals were raised, but the redactions make it difficult for the public to understand the questions raised and the response.

8.      Attached as **Exhibit G** hereto is another document produced by the Government in this case, Bates-stamped MSJ000626-27, an October 1, 2015 letter from the Defense Contract Management Agency to Susannah Raheb of Lockheed Martin, telling Ms. Raheeb that "your proposed Comprehensive Small Business Subcontracting Plan (CSP) for Fiscal Year (FY) 2016 is

**DECLARATION OF KARL OLSON IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**

CANNATA O'TOOLE FICKES & OLSONN LLP
ATTORNEYS AT LAW
100 PINE STREET, SUITE 350, SAN FRANCISCO CA, 94111
TEL: 415.409.8900 – FAX: 415.409.8904

considered unacceptable for negotiation purposes due to the lower goals presented." The letter states that negotiations between the Government and Lockheed "have resulted in an impasse in accomplishing a negotiated agreement for a CSP FY 16 Plan." The letter tells Raheb that "you are requested to provide goal projections from FY16 through FY20."

9. Attached as **Exhibit H** hereto is a November 7, 2017 letter from the Defense Contract Management Agency to Dan Schultz, president of Sikorsky Aircraft, attaching "DCMA Subcontracting Program Compliance Review Required Documentation." This is Bates-stamped MSJ000629-630.

10. Attached as **Exhibit I** hereto is a document Bates-stamped MSJ000637, an exchange of emails between Martha Crawford of Sikorsky and Luz Vasquez of the DCMA dated February 15, 2018, in which Ms. Vasquez informs Ms. Crawford that, "I just completed reviewing your FY18 Q1 report. Sikorsky is slightly falling short in 3 out of 6 goals. Even when there are still 3 more quarters of ongoing procurements, DCMA request you to provide a monthly goal status report with any update towards your outreach efforts." The production of this document would seem to undermine any claim that production of documents about the defense contractors' compliance, or lack thereof, with small business subcontracting plans would cause them substantial competitive harm.

11. Attached as **Exhibit J** hereto is a letter dated August 4, 2015 from Janet Duffey, vice president of Supply Management for Sikorsky, Bates-stamped MSJ000675 in the government's production, to the Defense Contract Management Agency, responding to the Defense Contract Management Agency's ("DCMA's") 640 Review covering Government Fiscal Year 2014. Sikorsky states, "Sikorsky does not agree with the entirety of DCMA's recommendations." The entire body of the response, however, pages MSJ000676-93, is redacted, which deprives ASBL and the public of the ability to evaluate what faults the government found with Sikorsky in the 640 Compliance Review and how Sikorsky planned to address those issues.

12. Attached as **Exhibit K** hereto is a document Bates-stamped MSJ000382-464 which is titled, "Comprehensive Subcontracting Test Program Fiscal Year 2016 Plan Agreement

3

**DECLARATION OF KARL OLSON IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**

Effective October 1, 2015 Through September 30, 2016 Between Defense Contract Management Agency and Lockheed Martin Corporation." Although pages 383 and MSJ000391 list Corporate-Wide Goals, much of the remainder of the plan is redacted, including page 392, which lists "Lockheed Martin's projected subcontracting base distribution," page 393, which lists "basis for establishing goals, and pages 394-95, which lists "business area subcontracting goals justification." I do not see how release of this general and generic information, or the other information set forth in the plan, could cause substantial competitive harm to Lockheed.

13.    Attached as **Exhibit L** hereto is a document Bates-stamped MSJ000472-529 which is Lockheed Martin Corporation's "GFY 2015 Comprehensive Small Business Subcontracting Plan" effective October 1, 2014 through September 30, 2015. Page 479 states Lockheed's DoD subcontracting goals in dollars for its 2015 fiscal year. Similarly, page 499 states Lockheed's subcontracting performance from October 1 through March 31, 2015. This information has been released without any harm to Lockheed. Therefore, I do not see how the release of similar information sought herein could cause Lockheed competitive harm.

14.    Attached as **Exhibit M** hereto are excerpts of the deposition transcript of Ms. Martha Crawford, Sikorsky's Supplier Diversity Manager/Small Business Liaison Officer, taken on September 19, 2017 and December 13, 2017 in *American Small Business League v. United States Department of Defense*, 3:14–CV-2166-WHA. [180:17-21, 185:8-18, 193:6-16]

15.    Attached as **Exhibit N** hereto are excerpts of the deposition transcript of Mr. Andrew Driver, Sikorsky's Senior Manager of Strategy, taken on September 18, 2017 and December 12, 2017 in *American Small Business League v. United States Department of Defense*, 3:14–CV-2166-WHA. [187:24-188:6, 189:12-14, 193:12-23]

16.    Attached as **Exhibit O** hereto are excerpts of Ms. Crawford's deposition cited by Mr. Jacobsmeyer in **Exhibit C**. [71:24-72:2, 72:3-5, 141:4-12 146:9-149:19]

17.    Attached as **Exhibit P** hereto are excerpts from Mr. Driver's deposition cited by Mr. Jacobsmeyer in **Exhibit C**. [11:10-16, 12:9-16, 60:8-25, 72:22-73:23, 123:11-16, 126:13-16, 127:5-12, 136:17-139:12]

CANNATA O'TOOLE FICKES & OLSONN LLP
ATTORNEYS AT LAW
100 PINE STREET, SUITE 350, SAN FRANCISCO CA, 94111
TEL: 415.409.8900 – FAX: 415.409.8904

CANNATA O'TOOLE FICKES & OLSONN LLP
ATTORNEYS AT LAW
100 PINE STREET, SUITE 350, SAN FRANCISCO CA, 94111
TEL: 415.409.8900 – FAX: 415.409.8904

18.    Attached as **Exhibit Q** hereto are excerpts of the deposition of Amy Johnson, Sikorsky's Supply Chain Executive, taken on June 28, 2017 in *American Small Business League v. United States Department of Defense*, 3:14–CV-2166-WHA. [34:3-35:7, 37:23-38:24, 56:13-58:20, 40:22-41:24, 106:16-108:19, 111:13-112:22, 116:2-23, 118:3-7, 126:21-23]

19.    Attached as **Exhibit R** hereto is Lockheed Martin's Form 10-K submitted to the United States Securities and Exchange Commission ("SEC") for Fiscal Year ended December 31, 2017. Pursuant to Section 13 and 15(d) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78m or 78o(d), many large companies, such as Lockheed, are required to make public annually key information about the financial performance of the company, so that investors can make informed investment decisions. At page 3 of this Form 10-K, Lockheed states that in 2017, 69% of its $51.0 billion in net sales were from the U.S. Government. Presumably, Lockheed will continue supplying its largest customer with whatever information it demands regardless of the outcome of this litigation.

20.    Attached as **Exhibit S** hereto is Lockheed Martin's Form 10-Q submitted to the SEC for the quarterly period ended March 25, 2018. Attached as **Exhibit T** is Lockheed Martin's Form 10-Q submitted to the SEC for the quarterly period ended June 24, 2018. Attached hereto as **Exhibit U** is Lockheed Martin's Form 10-Q submitted to the SEC for the quarterly period ended September 30, 2018. Pursuant to Section 13 and 15(d) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78m or 78o(d), many large companies, such as Lockheed, are required to make public quarterly financial statements. Lockheed's Form 10-Q's for the first three quarters of this year state higher net sales than each respective quarter of 2017. Indicating that Lockheed has not been harmed financially by the disclosure of its subsidiary Sikorsky's subcontracting plan in the *ASBL I* case.

21.    Attached as **Exhibit V** hereto is a press release from Sikorsky reported in a defense industry magazine that I found online.

22.    Attached as **Exhibit W** hereto is Sikorsky Aircraft Corporation's Comprehensive Small Business Subcontracting Plan For Fiscal Year 2013 as the Government produced it to

**DECLARATION OF KARL OLSON IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**

ASBL as part of the *ASBL I* case in March of 2018 with minimal redactions of personal information.

23.    Attached as **Exhibit X** hereto is a document Bates-stamped MSJ000530-612 which is entitled "Comprehensive Subcontracting Test Program Fiscal Year 2016 Plan Agreement Effective October 1, 2015 through September 30, 2016 Between Defense Contract Management Agency and Lockheed Martin Corporation. 24.

24.    Attached as **Exhibit Y** hereto are emails exchanged between my office and Ms. London regarding the adequacy of the Government's search for documents.

25.    Attached as **Exhibit Z** is a press release issued by the Cherokee Nation regarding its business relationship with Sikorsky.

26.    Attached as **Exhibit AA** hereto is a letter dated March 8, 2018 from Mr. Jacobsmeyer to Mr. Heinke regarding the Government's determination that "certain previously withheld information does not warrant protection from disclosure under FOIA." This letter was produced by the Government and is Bates-stamped MSJ000909-910.

27.    Attached as **Exhibit BB** hereto are emails exchanged between Ms. London and Jessica Weisel, an attorney for Sikorsky dated November 2, 2017 in which Sikorsky's counsel emphasized that a reason for the regulatory requirement that the Government notify Sikorsky in advance of disclosing Sikorsky's information is that the "process is necessary to create an administrative record for any review of the agency's action." These emails are Bates-stamped MSJ000095-96.

28.    Attached as **Exhibit CC** hereto is a document Bates-stamped MSJ000623-25 which the Government largely redacted.

29.    Attached as **Exhibit DD** hereto is a document Bates-stamped MSJ000633 which the Government largely redacted.

30.    Attached as **Exhibit EE** hereto is a document Bates-stamped as MSJ000939 which is a letter dated October 12, 2017 from Mr. Jacobsmeyer to Mr. Heinke regarding the Government's determination that "certain previously withheld information does not warrant

6

protection from disclosure under FOIA."

31.     Attached as **Exhibit FF** is the document referenced in paragraph 6 of ASBL's Second Amended Complaint.

32.     Attached as **Exhibit GG** is DOD's the document referenced in paragraph 7 of ASBL's Second Amended Complaint.

33.     Attached as **Exhibit HH** is the document referenced in paragraph 8 of ASBL's Second Amended Complaint.

34.     Attached as **Exhibit II** is the document referenced in paragraph 9 of ASBL's Second Amended Complaint.

35.     Attached as **Exhibit JJ** is the document referenced in paragraph 10 of ASBL's Second Amended Complaint.

36.     Attached as **Exhibit KK** is the document referenced in paragraph 11 of ASBL's Second Amended Complaint.

37.     Attached as **Exhibit LL** is the document referenced in paragraph 12 of ASBL's Second Amended Complaint.

38.     Attached as **Exhibit MM** is the document referenced in paragraph 14 of ASBL's Second Amended Complaint.

39.     Attached as **Exhibit NN** is the document referenced in paragraph 15 of ASBL's Second Amended Complaint.

40.     Attached as **Exhibit OO** is the document referenced in paragraph 16 of ASBL's Second Amended Complaint.

41.     Attached as **Exhibit PP** is the document referenced in paragraph 17 of ASBL's Second Amended Complaint.

42.     Attached as **Exhibit QQ** is the document referenced in paragraph 18 of ASBL's Second Amended Complaint.

43.     Attached as **Exhibit RR** is the document referenced in paragraph 19 of ASBL's Second Amended Complaint.

CANNATA O'TOOLE FICKES & OLSONN LLP
ATTORNEYS AT LAW
100 PINE STREET, SUITE 350, SAN FRANCISCO CA, 94111
TEL: 415.409.8900 – FAX: 415.409.8904

7

**DECLARATION OF KARL OLSON IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**

44.     Attached as **Exhibit SS** is the document referenced in paragraph 20 of ASBL's Second Amended Complaint.

45.     Attached as **Exhibit TT** is the document referenced in paragraph 21 of ASBL's Second Amended Complaint.

46.     Attached as **Exhibit UU** is the document referenced in paragraph 23 of ASBL's Second Amended Complaint.

47.     Attached as **Exhibit VV** is the document referenced in paragraph 24 of ASBL's Second Amended Complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in San Francisco, California on December 7 2018.

/s/ Karl Olson
KARL OLSON

CANNATA O'TOOLE FICKES & OLSONN LLP
ATTORNEYS AT LAW
100 PINE STREET, SUITE 350, SAN FRANCISCO CA, 94111
TEL: 415.409.8900 – FAX: 415.409.8904

8

**DECLARATION OF KARL OLSON IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**