DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
ELLEN LONDON (NYRN 4605671)
SAVITH IYENGAR (CABN 268342)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7288
    FAX: (415) 436-7169
    ellen.london@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUEAMERICAN SMALL BUSINESS LEAGUE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE AND UNITED STATES DEPARTMENT OF JUSTICE<br><br>    Defendants. | CASE NO. CV 18-1979 WHA<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION**<br><br>Date: July 11, 2019<br>Time: 8:00 a.m.<br>Location: Courtroom 12, 19th floor |

In support of its opposition to the motion for reconsideration of plaintiff ASBL ("Plaintiff"), and pursuant to Federal Rule of Evidence 201, defendants United States Department of Defense and United States Department of Justice ("Defendants") respectfully request that the Court take judicial notice of the following documents in *Rojas v. Federal Aviation Administration*, Case No. 17-55036, an action pending before the Ninth Circuit Court of Appeals:

    **Exhibit A:** Defendant-Appellee's Unopposed Motion for 30-Day Extension of Time in which to File Petition for Rehearing or Rehearing En Banc, dated June 5, 2019 (ECF No. 43)

Rule 201(b) provides that a court may take judicial notice of facts that are "not subject to reasonable dispute" when they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201(d) provides that a court may take judicial notice of such facts "at any stage of the proceeding."

The Court may take judicial notice of the contents of "court filings and other matters of public record," such as the documents attached hereto as Exhibit A. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)); *see also Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("Although the first amended complaint is not a part of the district court record, . . . we take judicial notice of various filings in the Tennessee proceeding."); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Defendants make this request for judicial notice in order to provide additional factual background and procedural history regarding issues referenced in Plaintiff's motion for reconsideration, *i.e.*, the potential petition by the government to seek rehearing en banc in *Rojas*.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: June 13, 2019          By:    */s/ Ellen London*
                                     ELLEN LONDON
                                     SAVITH IYENGAR
                                     Assistant United States Attorneys

DEFS.' RJN ISO OPP'N
C 18-01979-WHA                        2

# Exhibit A

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JORGE ALEJANDRO ROJAS,

Plaintiff-Appellant,

v.

FEDERAL AVIATION ADMINISTRATION,

Defendant-Appellee.

No. 17-55036

**DEFENDANT-APPELLEE'S UNOPPOSED MOTION
FOR 30-DAY EXTENSION OF TIME IN WHICH TO FILE
PETITION FOR REHEARING OR REHEARING EN BANC**

The government respectfully requests a 30-day extension of time, to and including July 10, 2019, in which to file any petition for panel rehearing or rehearing en banc in this matter. We have contacted counsel for plaintiff-appellant, who has informed us that plaintiff-appellant does not oppose this request.

**1.** This action arises under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). After plaintiff unsuccessfully sought employment as an air traffic controller with the Federal Aviation Administration ("FAA"), plaintiff submitted a FOIA request to the agency requesting "information regarding the empirical validation" of a screening test, known as the Biographical Assessment, which FAA had developed with the assistance of a human-resources contractor, APTMetrics, and had used during plaintiff's job application process. After undertaking a search for

documents, FAA identified three summary documents that APTMetrics had prepared at the request of FAA's Office of Chief Counsel in contemplation of litigation involving other unsuccessful job applicants. FAA withheld all three documents from plaintiff on the basis that they would be privileged in civil discovery and therefore subject to withholding under FOIA's Exemption 5. *See* 5 U.S.C. § 552(b)(5) (authorizing withholding of all "inter-agency or intra-agency memorandums or letters that would not be available by law to a party . . . in litigation with the agency"); Fed. R. Civ. P. 26(b)(3)(A) (protecting attorney work product from disclosure in civil litigation). Plaintiff then brought suit, claiming that FAA had not undertaken an adequate search and that Exemption 5 did not apply to the three documents prepared by APTMetrics at FAA's request. The district court entered judgment in FAA's favor.

**2.** A divided panel of this Court reversed. *See Rojas v. Federal Aviation Administration*, 922 F.3d 907 (9th Cir. 2019). The majority opinion, authored by district judge Donald Molloy (D. Mont.) and joined by Judge Wardlaw, concluded that FAA acted unlawfully in withholding the three documents. The panel majority acknowledged that Exemption 5 "allow[s] the government to withhold records that are normally privileged in the civil discovery context," *id.* at 915 (citation omitted), and that various other courts of appeals have held that Exemption 5 protects from disclosure documents prepared for an agency's benefit by agency consultants, *id.* at 917-18. The panel declined to follow those decisions, however, holding that to treat consultant-authored documents as "intra-agency memoranda"—even when authored

2

at the agency's direction and for its sole benefit—would be "contrary to Exemption 5's text and FOIA's purpose to require broad disclosure." *Id.* at 916.

Judge Christen dissented as to the Exemption 5 holding. 922 F.3d at 920-29. Noting that Exemption 5 does not "dictate that an 'intra-agency memorandum' includes *only* those materials that agency employees (as opposed to retained consultants) prepare in-house," Judge Christen reasoned that the documents at issue were properly considered to be intra-agency because they were "'within' the FAA in both a physical and proprietary sense." *Id.* at 924, 925. She observed that the panel's decision misjudged Congress's intent in enacting FOIA, which reflects "careful balancing between the benefits of transparency and the government's need to maintain the confidentiality of some types of records." *Id.* at 923. Judge Christen also explained that the panel decision would likely work significant harm to the government, not only by allowing parties to use FOIA as a "loophole" to circumvent discovery protections but also by dissuading agencies from "seeking helpful expertise from outside consultants in the first place." *Id.* at 926, 929. She therefore "would adopt the consultant corollary," as other circuits have done. *Id.* at 929.

The panel also held, unanimously, that FAA had not shown it had undertaken an adequate search for documents. 922 F.3d at 913-15; *accord id.* at 921, 927 n.7 (Christen, J., concurring in part and dissenting in part). The panel found that FAA's declaration was "conclusory" and "omit[ted] relevant details, such as names of the

3

attorneys who searched the relevant documents and the amount of time the Office of the Chief Counsel devoted to the search." *Id.* at 914.

**3.** The panel issued its opinion on April 24, 2019. Under Federal Rules of Appellate Procedure 35(c) and 40(a)(1), any petition for rehearing or rehearing en banc is currently due by Monday, June 10, 2019. If this Court grants the requested 30-day extension of time, any such petition would instead be due by July 10, 2019. No previous extension of time to file a rehearing petition has been sought.

**4.** The Solicitor General is responsible for determining whether or not the government should seek rehearing en banc. *See* 28 C.F.R. § 0.20(b). The requested 30-day extension of time is necessary to permit adequate consultation among the components of the government affected by the Court's decision; to allow the Solicitor General to complete his review; and, if duly authorized, to permit Department of Justice attorneys to prepare a petition along whatever lines the Solicitor General deems appropriate.

**5.** Jeffrey E. Sandberg, the attorney who would have primary responsibility for preparing a petition, has also been occupied with other appellate litigation, including *Cummings v. Murphy*, No. 18-5305 (D.C. Cir.) (response brief filed May 10, 2019); *Cohen v. United States*, Nos. 19-1080, 19-1081, 19-1086, 19-1087, 19-1090 (4th Cir.) (consolidated response brief due June 17, 2019, as extended); and several urgent internal matters.

4

Mark B. Stern, the attorney who would have supervisory responsibility for any petition in this case, also has supervisory responsibility for numerous pending appellate matters, including: *Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human Servs.*, No. 18-35920 (9th Cir.) (response brief filed May 10, 2019); *Gresham v. Azar*, Nos. 19-5094 & 19-5096 (D.C. Cir.) (opening brief filed May 14); *Roe v. U.S. Dep't of Defense*, No. 19-1410 (4th Cir.) (opening brief filed May 28); *Whitaker v. U.S. Dep't of Commerce*, No. 18-2819 (2d Cir.) (response brief filed May 28); *Zzyym v. Pompeo*, No. 18-1453 (10th Cir.) (reply brief filed May 29); *Dep't of Med. Assist. Servs. of Va. v. U.S. Dep't of Health & Human Servs.*, No. 18-5334 (D.C. Cir.) (response brief filed May 30); *New York v. U.S. Dep't of Labor*, No. 19-5125 (D.C. Cir.) (opening brief filed May 31); *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, No. 18-5266 (D.C. Cir.) (opening brief due June 10); *City and County of San Francisco v. Barr*, Nos. 18-17308 & 18-17311 (9th Cir.) (reply brief due June 12); *Cohen v. United States*, Nos. 19-1080, 19-1081, 19-1086, 19-1087, 19-1090 (4th Cir.) (response brief due June 17, as extended); *Texas Workforce Commission v. U.S. Dep't of Educ.*, No. 19-50283 (5th Cir.) (opening brief due June 20, as extended); *American Anti-Vivisection Soc'y v. U.S. Dep't of Agric.*, No. 19-5015 (D.C. Cir.) (response brief due July 3); and *Three Star Market, Inc. v. U.S. Food & Drug Admin.*, No. 18-4257 (6th Cir.) (response brief due July 5).

**6.** Counsel for plaintiff-appellant has informed the undersigned counsel that plaintiff-appellant does not oppose the requested 30-day extension.

## CONCLUSION

For the foregoing reasons, the Court should grant the unopposed request for a 30-day extension, to and including July 10, 2019, within which to file any petition for rehearing or rehearing en banc.

Respectfully submitted,

MARK B. STERN
 (202) 514-5089

 /s/ *Jeffrey E. Sandberg*
JEFFREY E. SANDBERG
(202) 532-4453
   Attorneys, Appellate Staff
   U.S. Department of Justice, Civil Division
   950 Pennsylvania Avenue NW
   Room 7214
   Washington, DC 20530

Counsel for Defendant-Appellee

JUNE 2019

6

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because this document contains 1,183 words. I further certify that this motion complies with the type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font.

                                                    /s/ *Jeffrey E. Sandberg*
                                                    Jeffrey E. Sandberg
                                                    Counsel for Defendant-Appellee

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2019, I electronically filed the foregoing motion with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                                         */s/ Jeffrey E. Sandberg*
                                         Jeffrey E. Sandberg
                                         Counsel for Defendant-Appellee