IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMERICAN SMALL BUSINESS LEAGUE,

    Plaintiff,

  v.

UNITED STATES DEPARTMENT OF DEFENSE and UNITED STATES DEPARTMENT OF JUSTICE,

    Defendants.

LOCKHEED MARTIN CORPORATION,

    Intervenor Plaintiff.

No. C 18-01979 WHA

**ORDER GRANTING MOTION TO INTERVENE**

**INTRODUCTION**

In this action under the Freedom of Information Act, a third-party whose documents are at issue moves to intervene pursuant to Rule 24(a) and Rule 24(b). To the extent stated below, the motion is **GRANTED.**

**STATEMENT**

The facts of this action are discussed in detail in the order granting in part and denying in part the parties' cross-motions for summary judgment (Dkt. No. 58). In brief, plaintiff American Small Business League ("ASBL") is an organization that promotes the interests of small businesses (Dkt. No. 1 ¶ 4).

This action is related to a prior FOIA case, *American Small Business League v. Department of Defense*, Case No. C 14-02166 WHA ("*ASBL I*"). There, in August 2013, the same plaintiff requested Sikorsky Aircraft Corporation's 2013 Comprehensive Small Business Subcontracting Plan from the Department of Defense pursuant to FOIA. The agency initially denied plaintiff's request on the basis that the requested document contained confidential commercial information and thus fell under FOIA's exemption under Section 552(b)(4). In March 2018, after years of litigation and a trip to our court of appeals, the government released the document over Sikorsky's objections (with the exception of limited redactions for private personal information under Section 552(b)(6)) (Dkt. No. 58 at 2).

As relevant to the instant motion, plaintiff now seeks all documents transmitted during *ASBL I* between the Department of Defense or defendant Department of Justice and Lockheed Martin Corporation (including Sikorsky, a subsidiary of Lockheed) regarding the 2013 FOIA request, ASBL, Lloyd Chapman, the Comprehensive Subcontracting Plan Test Program, and the Mentor-Protégé program (Dkt. No. 47 at 7).

Since plaintiff's filing of the instant action in March 2018, the government released responsive documents, subject to redactions (Dkt. No. 29 ¶¶ 2–4). In late 2018, the parties cross-moved for summary judgment on the government's redactions (Dkt. Nos. 44, 47). Of particular interest to Lockheed Martin, the court denied both parties' cross-motions for summary judgment as to Exemption 4 (Dkt. No. 58 at 11).

On April 9, 2019, a prior order approved the parties' stipulated schedule regarding pretrial and trial dates. The schedule required the parties to complete expert discovery by October 31, 2019. Regarding materials withheld pursuant to Exemption 4, a subsequent order required the parties to serve lists of anticipated expert witnesses by July 15, 2019 (Dkt. No. 69 at 2).

Now, third-party Lockheed Martin seeks to intervene both as of right under Rule 24(a)(2) and permissively under Rule 24(b)(1)(B) on the grounds that Lockheed Martin has an interest in shielding its confidential information from disclosure, the disposition of this case may

substantially impair or impede this interest, and the government no longer adequately represents Lockheed Martin's interests. This order follows full briefing and oral argument.

**ANALYSIS**

To intervene as of right under Rule 24(a)(2) an applicant must claim "an interest relating to the property or transaction that is the subject of the action," the protection of which may, as a practical matter, be impaired or impeded by the action if the applicant is not allowed to participate in the litigation. An applicant seeking to intervene as of right must demonstrate that:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (citation omitted). Rule 24(a) is broadly construed in favor of applicants for intervention. *Ibid*.

Pursuant to Rule 24(b)(1)(B), "a court may grant permissive intervention where the applicant for intervention shows: (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) (citation omitted). "In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). This order finds that Lockheed Martin has sufficiently shown that it is entitled to at least permissive intervention.

*First*, with respect to permissive intervention, ASBL does not challenge the first or third elements (Dkt. No. 77 at 14–15). Moreover, in *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) (citation omitted), our court of appeals explained that "[w]here the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away." Here, it is undisputed that federal-question jurisdiction is being exercised. In addition, Lockheed Martin does not seek to bring any new claims (Dkt. No. 68 at 6). Taken together, Lockheed Martin has sufficiently shown independent grounds for jurisdiction. *Freedom from Religion*, 644 F.3d at 844.

3

*Second*, this order finds that Lockheed Martin's defense presents questions of law and fact in common with the main action — specifically, whether the documents at issue are exempt from disclosure under FOIA.

*Third*, this order finds that Lockheed Martin's motion to intervene is timely. Our court of appeals analyzes the following three factors to determine whether a motion to intervene is timely: (1) the stage of the proceedings at which the applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of delay. *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

ASBL contends that Lockheed Martin's motion to intervene is untimely due to the late stage of the proceedings (Dkt. No. 77 at 6–7). In support of this contention, ASBL cites several decisions, all of which are distinguishable. In *Orange County v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986), and *Aleut Corp. v. Tyonek Native Corp.*, 725 F.2d 527, 530 (9th Cir. 1986), our court of appeals affirmed two denials of intervention as untimely where the parties had either reached settlement or were on the cusp of settlement, respectively. Here, in contrast, this action is in the early stages of discovery as the parties are currently compiling witness lists.

ASBL next argues that Lockheed Martin's application for intervention is less timely than the application at issue in *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997). There, our court of appeals affirmed a denial of intervention as untimely where the applicant intervenor waited over two years after the original claims were filed before moving to intervene. *Id.* at 1301. During this 27-month period, four different parties had intervened. Discovery had proceeded for nine months. The district court had provisionally certified a plaintiff class. The issuance of a preliminary injunction had been appealed. *Id.* at 1303. Here, in contrast, Lockheed Martin moved to intervene less than a year after ASBL filed its first amended complaint (Dkt. Nos. 20, 68). Furthermore, in the instant action, there are no prior applicant intervenors. The parties are in the early stages of discovery. Only one substantive ruling has been issued.

Finally, ASBL cites a North Carolina district court decision, which is not binding on this court. Moreover, this decision is distinguishable. In *United States v. Duke Energy Corp.*,

4

218 F.R.D. 468, 470 (M.D.N.C. 2003), the district court denied a motion to intervene where the applicant intervenor sought to "entirely re-litigate the issues by having the opportunity to submit additional evidence" in support of an existing party's previously denied summary judgment motion. Here, in contrast, Lockheed Martin denies any interest in re-litigating previously decided issues or in otherwise altering the course of the litigation (Dkt. No. 81 at 8). Thus, this factor weighs in favor of granting Lockheed Martin's motion to intervene.

ASBL next argues that it will suffer prejudice if intervention is allowed (Dkt. No. 77 at 9). In *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (citation omitted), our court of appeals noted that the issue of prejudice to the existing parties has been deemed "the most important consideration in deciding whether a motion for intervention is untimely." ASBL contends that being pitted "against two aggressive behemoth adversaries rather than one" will prejudice ASBL by unnecessarily complicating the litigation and increasing costs (Dkt. No. 77 at 9). This order finds, however, that these arguments do not pertain to prejudice arising from the timeliness of this motion. As ASBL's concerns would exist regardless of when Lockheed Martin moved to intervene, these assertions are irrelevant to the determination of prejudice. *See United States v. Oregon*, 745 F.2d at 553. ASBL also expresses concern that Lockheed Martin will seek to reopen closed issues, escape prior stipulations, and attempt to take discovery of its own (Dkt. No. 77 at 9). In reply, Lockheed Martin denies any interest in re-litigating previously decided issues, adding claims, retaking depositions, or otherwise substantially altering the course of the litigation (Dkt. No. 81 at 8). Lockheed Martin also represents that it will comply with the discovery schedule and stipulations approved in the April 9 order (Dkt. No. 68 at 5–6). Therefore, ASBL has not sufficiently shown that it would be prejudiced due to Lockheed Martin's delay in moving to intervene.

Regarding the length of this delay, Lockheed Martin moved to intervene nearly one year after ASBL filed its amended complaint (Dkt. Nos. 20, 68). Our court of appeals, however, has explained that "the crucial date in assessing the timeliness of an intervention motion is the date that the applicant should have been aware [its] interest[s] would no longer be protected adequately by the [existing] parties." *League of United Latin Am. Citizens*, 131 F.3d at 1304

(internal quotation marks and citation omitted). Lockheed Martin contends that the critical date for assessing the timeliness of this motion is March 8, 2019, when a prior order granted in part and denied in part the parties' cross-motions for summary judgment (Dkt. No. 81 at 3). It is at that time, Lockheed Martin argues, that it realized its interests would no longer be adequately represented by the government due to the now heavily fact-based nature of the proceedings (*ibid.*). ASBL contends that this argument rests on the false notion that Lockheed Martin did not expect the resolution of this matter to hinge on its showing of competitive harm until after the disposition of the parties' summary judgment motions (Dkt. No. 77 at 11). Despite the foregoing, this order need not reach the merits of these arguments in light of ASBL's failure to show prejudice, which our court of appeals has recognized as the most important consideration. *United States v. Oregon*, 745 F.2d at 552. Accordingly, this order finds that Lockheed Martin's motion to intervene is timely.

This order therefore finds that Lockheed Martin satisfies the requirements for permissive intervention pursuant to Rule 24(b). This order emphasizes that Lockheed Martin will be held to the promise made in its motion to intervene and affirmed at oral argument that it will not re-litigate previously decided issues. Furthermore, any attempts by Lockheed Martin to impede the flow of discovery between ASBL and defendants Department of Defense and Department of Justice will not be tolerated. This order also prohibits Lockheed Martin from seeking to postpone depositions and insists that Lockheed Martin make sufficient members of its counsel available to take depositions at any and all places and times. Finally, Lockheed Martin may not raise new defenses beyond those already in play.

## CONCLUSION

To the foregoing extent, the motion to intervene is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 24, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE