KATIE TOWNSEND (SBN 254321)
ktownsend@rcfp.org
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, D.C. 20005
Telephone:   202.795.9300
Facsimile:   202.795.9310
Email:       ktownsend@rcfp.org

*Counsel for Amicus Curiae*
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **AMERICAN SMALL BUSINESS LEAGUE**, <br><br> *Plaintiff,* <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF DEFENSE and UNITED STATES DEPARTMENT OF JUSTICE,** <br><br> *Defendants,* <br><br> **LOCKHEED MARTIN CORPORATION,** <br><br> *Defendant-Intervenor.* | Case No.  3:18-CV-01979-WHA <br><br> **MOTION OF REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS TO FILE** *AMICUS CURIAE* **BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Date: Sept. 18, 2019 <br> Time: 8:00 a.m. <br> Place: Courtroom 12, 19th Floor <br> Judge: Hon. William Alsup |

Proposed *amicus curiae* Reporters Committee for Freedom of the Press ("Reporters Committee") hereby moves the Court for leave to submit the attached *amicus curiae* brief in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. The Reporters Committee is an unincorporated nonprofit association of reporters and editors dedicated to safeguarding the First Amendment rights and freedom of information interests of the news media and public. The Reporters Committee has provided assistance, guidance, and research in First Amendment and freedom of information litigation since 1970.

The Reporters Committee informed all parties in this matter of its intent to submit an *amicus* brief and sought their position on this Motion. Plaintiff American Small Business League and Defendants United States Department of Defense and Department of Justice have consented to the filing of the attached *amicus curiae* brief; Defendant-Intervenor Lockheed Martin Corporation takes no position.

Federal district courts have inherent authority to consider submissions from *amicus curiae* in connection with proceedings pending before them. Indeed, "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quotation and citation omitted).

Members of the news media frequently rely on the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552, to gather information and inform the public about government activities. FOIA is an important tool frequently used by the press in carrying out its role "as a powerful antidote to any abuses of power by government officials and as a constitutionally chosen means for keeping officials elected by the people responsible to all the people whom they were selected to serve." *Mills v. Alabama*, 384 U.S. 214, 219 (1966). As the Supreme Court has recognized, the Act is a "structural necessity in a real democracy." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). The Reporters Committee, accordingly, has a strong interest in this matter.

The Reporters Committee requests leave to submit the attached *amicus curiae* brief to provide additional information and context to the Court as it applies FOIA's new foreseeable harm standard, especially within the context of Exemption 4, 5 U.S.C. § 552(b)(4). The Act's recently added foreseeable harm provision imposes new and distinct requirements upon agencies whenever they seek to withhold information from the public, and, in the context of discretionary exemptions like Exemption 4, to show that disclosure of requested information will harm an interest protected by an exemption. This case presents, to the Reporters Committee's knowledge, the first time that a federal district court will interpret and apply the foreseeable harm standard in the Exemption 4 context since the Supreme Court's decision in *Food Media Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019). While that case redefined what information is covered by Exemption 4, it did not (and could not have) addressed the import of Congress's 2016 amendments to the Act, as they did not apply to the FOIA request at issue in that case. Accordingly, the Reporters Committee believes it is especially important for the Court to have additional information regarding the legislative history, function, and application of the new foreseeable harm standard.

For the foregoing reasons, proposed *amicus* Reporters Committee respectfully requests leave to file the attached brief.

Dated: August 30, 2019                                      Respectfully submitted,


/s/ Katie Townsend
Katie Townsend
THE REPORTERS COMMITTEE
FOR FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Fax:    202.795.9310
Email: ktownsend@rcfp.org