IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE, | No. C 18-01979 WHA |
| Plaintiff, | |
| v. | |
| UNITED STATES DEPARTMENT OF DEFENSE and UNITED STATES DEPARTMENT OF JUSTICE, | **ORDER ON MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)** |
| Defendants, | |
| and | |
| LOCKHEED MARTIN CORPORATION, | |
| Defendant-Intervenor. | |

In this FOIA action, defendants United States Department of Defense and Department of Justice and defendant-intervenor Lockheed Martin Corporation (collectively, "defendants") jointly move for summary judgment on the issue of whether the information they seek to withhold is "confidential" within the meaning of Exemption 4 (Dkt. No. 107). Plaintiff American Small Business League opposes the summary judgment motion and separately moves under Rule 56(d) for a continuance of a ruling on defendants' motion for summary judgment (Dkt. No. 114). This order follows full briefing. Pursuant to Civil Local Rule 7-1(b), this order finds plaintiff's motion under Rule 56(d) suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for September 18.

A prior order dated March 8 on the parties' earlier cross-motions for summary judgment has set forth the detailed background of this action (Dkt. No. 58). In brief, plaintiff, a non-profit organization that promotes the interests of small businesses, seeks the disclosure of various documents related to (as relevant here) Lockheed Martin, Sikorsky Aircraft Corporation, and GE Aviation's involvement with the Department of Defense's Comprehensive Subcontracting Plan Test Program (*see* Dkt. No. 20 ¶ 21). Defendants argue that the information plaintiff seeks is exempt from disclosure under Exemption 4 — which, as relevant here, protects from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). The prior order on the parties' cross-motions for summary judgment found that issues of fact regarding whether disclosure would cause competitive harm precluded both parties' cross-motions for summary judgment on the Exemption 4 issue (Dkt. No. 58 at 9–11).

On June 24, the Supreme Court in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019), altered the Exemption 4 standard. The Supreme Court rejected the "competitive harm" test adopted by our court of appeals (among many appellate courts) and held that "[a]t least where commercial or financial information is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy, the information is 'confidential' within the meaning of Exemption 4." *Id*. at 2366.

In light of *Food Marketing*, defendants again move for summary judgment on the Exemption 4 issue, and plaintiff seeks discovery under Rule 56(d) and a continuance of the hearing on defendants' motion. Defendants oppose plaintiff's Rule 56(d) motion, describing the request as a "fishing expedition" (Dkt. No. 123 at 1). They accuse plaintiff of seeking discovery based on a "speculative, unsupported belief that the declarants are not being truthful" (*ibid*.). Notwithstanding plaintiff's overheated rhetoric, however, this order agrees that discovery is warranted here.

Rule 56(d) (formerly Rule 56(f)) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery." Fed. R.

1 Civ. P. 56(d). Rule 56(d) requires a party to "specifically identify relevant information, and
2 where there is some basis for believing that the information sought actually exists." *Church of*
3 *Scientology of San Francisco v. I.R.S.*, 991 F.2d 560, 563 (9th Cir. 1993), *vacated in part on*
4 *other grounds*, 30 F.3d 101 (9th Cir. 1994) (directing the district court to, *inter alia*, "provide
5 the plaintiffs . . . reasonable opportunity to conduct discovery relevant to applicability of the
6 FOIA exemptions" under Rule 56(f)). "In general, a denial of a Rule 56[(d)] application is
7 disfavored where the party opposing summary judgment makes a timely application which
8 specifically identifies relevant information, and where there is some basis for believing that the
9 information sought actually exists." *Id.* at 562.

10 Relevant to defendants' motion for summary judgment, defendants must show, at a
11 minimum, that the relevant companies customarily and actually treated as private all of the
12 information at issue to prevail on the Exemption 4 issue. *Food Marketing*, 139 S. Ct. at 2363.
13 In support, defendants filed numerous declarations by various declarants who testified that the
14 relevant companies customarily and actually kept said information private and disclosed the
15 information to the government under the assurances of privacy. Plaintiff seeks to depose those
16 declarants.[*]

17 Defendants make much of their assertions that discovery in FOIA litigation is typically
18 limited; that the government's burden of demonstrating the application of an exemption is met
19 where the agency submits declarations that "contain reasonably detailed descriptions of the
20 documents and allege facts sufficient to establish an exemption," *Lane v. Dept. of Interior*, 523
21 F.3d 1128, 1135–36 (9th Cir. 2008) (quoting *Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987));
22 and that declarations submitted by an agency "are presumed to be in good faith," *Hamdan v.*
23 *U.S. Dep't of Justice*, 797 F.3d 759, 772 (9th Cir. 2015) (Dkt. No. 123 at 2). In other words,

---

[*] Specifically, plaintiff seeks the following discovery (Dkt. No. 114 at 4–5):

> ASBL noticed (and subpoenaed, in the case of Ms. Buffler) depositions of: (1) Susannah Raheb (an LMC employee and declarant); (2) Janice Buffler (a former DOD employee and declarant); (3) Martha Crawford (a Sikorsky employee and declarant); (4) Maureen Schumann (an LMC PR employee); (5) William Phelps (an LMC PR employee); (6) a Person Most Qualified from LMC pursuant to Rule (30)(b)(6); and (7) a Person Most Qualified from DOD pursuant to Rule (30)(b)(6) [*sic*].

3

defendants argue that discovery in FOIA litigation "is never justified absent a demonstration by the moving party that the sworn declarations submitted in support of the other side's motion for summary judgment are lacking in good faith or otherwise not trustworthy" (*id*. at 4).

Even assuming these standards apply, plaintiff has met them. Take, for example, the declaration of Susannah L. Raheb, Lockheed Martin's Senior Manager for Supplier Diversity and Regulatory Compliance. Raheb states that Lockheed Martin keeps compliance reports (such as the 640 audits), which "detail[] all aspects of the [Lockheed Martin] Supplier Diversity program, initiatives, performance to goals, strategic supplier partnerships, success stories of supplier contract awards, etc.," private (Dkt. No. 107-5 ¶ 49). But then she later waffles, further stating that (*id*. ¶ 50 (emphasis added)):

> On occasion, where LMC receives a positive performance evaluation, *LMC may choose to publicize certain limited details of such evaluation* to tout its success *in an attempt to attract more small businesses with which to subcontract*. These decisions are made on a *case-by-case basis*, however, and LMC's decision in a particular instance to waive the confidentiality of a positive adjectival rating contained within a performance evaluation does not change the confidential nature of performance evaluations generally, which LMC does not make public.

That is, when it made Lockheed Martin look good, the company issued press releases "recogniz[ing] . . . small business suppliers that made exemplary contributions" to its products and services (*e.g.*, Dkt. No. 113-1 at 1). Those press releases included both the names of the small business suppliers and Lockheed Martin's performance rating for that year (*e.g.*, *id*. at 1–2 ("The company was recognized with the Defense Contract Management Agency's highest possible rating for its 2017 performance and commitment to a diverse and inclusive supplier base.")).

As plaintiffs point out, Lockheed Martin's selective disclosure of supposed confidential information (*i.e.*, supplier names, performance to goals, strategic supplier partnerships, success stories of supplier contract awards) undercuts its vague contention that the company "customarily" treats said information as confidential (Dkt. Nos. 114-1 ¶ 2a; 125 at 7). The trustworthiness of the Raheb declaration is further chipped away by her statement in the next breath that Lockheed Martin customarily keeps purchase orders, including supplier names (among other things), private "because it could be used by competitors to target and award work

4

to [Lockheed Martin] suppliers, thereby making them unavailable, or less available, to work on" its contracts (Dkt. No. 107-5 ¶¶ 51–53). In other words, according to Raheb, Lockheed Martin simultaneously keeps private its supplier names to protect against poaching and freely discloses its "exemplary" suppliers to attract more suppliers. These explanations do not square. Vague statements and discrepancies such as these sufficiently demonstrate that certain limited discovery is warranted under Rule 56(d).

Accordingly, plaintiff's motion is **GRANTED** to the following extent. Plaintiff may take up to **THREE DEPOSITIONS**. Plaintiff must file a supplemental brief in connection with defendants' motion for summary judgment by **OCTOBER 18 AT NOON**. Defendants may file a response by **OCTOBER 25 AT NOON**. Both sides' briefs shall be limited to **FIVE PAGES** and all attachments, exhibits, and declarations shall be limited to **FIFTY PAGES**. Defendants' motion for summary judgment on the Exemption 4 issue is **HELD IN ABEYANCE** pending discovery and will be heard on **NOVEMBER 14 AT 8 A.M.**

**IT IS SO ORDERED.**

Dated: September 15, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5