September 24, 2019

**VIA E-FILE**

The Honorable William H. Alsup
U.S. District Court for the Northern District of California
San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 94102-3489

> Re:   *American Small Business League v. United States, et al., No. C 18-1979*;
>       Discovery Dispute

Dear Judge Alsup:

In accordance with Paragraph 34 of the Court's April 23, 2018 "Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases" ("Standing Order"), Defendants United States Department of Defense ("DOD") and United States Department of Justice (collectively, "Government") and Lockheed Martin Corporation ("LMC") (collectively, "Defendants") respectfully submit this letter requesting confirmation that Paragraph 29 of the Standing Order does not apply to the underlying documents that are the subject of this litigation to the extent they have been designated as exempt from disclosure. The Government met and conferred with Plaintiff American Small Business League ("Plaintiff" or "ASBL") over this discovery dispute by telephone and email on September 23 and 24, 2019, but the parties were unable to resolve the issue. A brief summary of the dispute is set forth below.

As the Court is aware, this litigation involves the propriety of the Government's withholding of certain documents responsive to Plaintiff's Freedom of Information Act ("FOIA") requests pursuant to FOIA Exemption 4. Following the Supreme Court's decision in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019), the question of whether the Government's application of Exemption 4 was appropriate turns on the confidentiality of the documents at issue, as opposed to whether the release of the documents would cause competitive harm. *See* ECF No. 126 at 3 ("Relevant to defendants' motion for summary judgment, defendants must show, at a minimum, that the relevant companies customarily and actually treated as private all of the information at issue to prevail on the Exemption 4 issue.") (citing *Argus Leader*, 139 S. Ct. at 2363). Last week, Plaintiff's counsel noticed the depositions of three witnesses—one from the Government, two from LMC—to speak to that confidentiality question. The first of those depositions—of Government witness Janice Buffler—is scheduled for this Friday, September 27, 2019, at 9:30 a.m.

On September 23, 2019, the undersigned counsel for the Government notified Plaintiff's counsel about Paragraph 29 of the Standing Order, which states: "In preparing deponents, defending counsel shall segregate and retain all materials used to refresh their memories and shall provide them to examining counsel at the outset of the deposition." The Government's counsel explained that in order to prepare Ms. Buffler for her deposition, Government's counsel may want to review with her complete versions of some of the underlying documents at issue.

The Honorable William H. Alsup
September 24, 2019
Page 2

Although Defense counsel intends to provide Plaintiff with redacted versions of any documents used to prepare witnesses, Defense counsel does not believe that Paragraph 29 requires—at least in the context of FOIA litigation where the documents themselves are the subject of the dispute—the unredacted versions of the documents be produced prior to the deposition. As a local rule of procedure, Paragraph 29 merely serves as an expedient to the exchange of information to which the parties are *already* entitled; it is not a substantive rule of law that displaces appropriate confidentiality or privilege designations. Indeed, any conclusion to the contrary would be inconsistent with established FOIA jurisprudence. *See, e.g.*, *American Management Servs., LLC v. Dep't of the Army*, 842 F. Supp. 2d 859, 882 (E.D. Va. 2012), *aff'd*, 703 F.3d 724 (4th Cir. 2013) ("the fact that there may be circumstances in litigation where work product may be discoverable based on an adversary's need is not relevant to the confidentiality analysis under FOIA").

Plaintiff has taken the position that the subject of the litigation is irrelevant, and that regardless of the fact that the documents themselves are the subject of this FOIA dispute, Defense counsel must turn over the unredacted versions of them if the documents are used in preparing a witness. Accordingly, Defendants respectfully request that the Court confirm that Paragraph 29 of the Standing Order does not mandate the disclosure of the documents that are the subject of this dispute. Defendants note that Ms. Buffler will be prepared on Thursday, September 26, 2019, in advance of her deposition on Friday, September 27, 2019 at 9:30 a.m., so Defense counsel respectfully requests the Court's consideration of this issue before that time.

Respectfully submitted,

*/s/ Ellen London*
Ellen London, on behalf of the United States


*/s/ Anuj Vohra*
Anuj Vohra, on behalf of Intervenor Lockheed Martin Corporation


cc:   Karl Olson, counsel for American Small Business League