IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>Intervenor. | No. C 18-01979 WHA<br><br>**ORDER ON DEFENDANTS' DISCOVERY LETTER DATED SEPTEMBER 24** |

The Court has reviewed defendants' discovery letter dated September 24 and plaintiff's response thereto (Dkt. Nos. 127–28). Defendants request confirmation that paragraph 29 of the undersigned's supplemental standing order, which states in relevant part, "[i]n preparing deponents, defending counsel shall segregate and retain all materials used to refresh their memories and shall provide them to examining counsel at the outset of the deposition," does not apply to documents currently designated as exempt from disclosure under FOIA and are the subject of this litigation (*id.* at 1).

Federal Rule of Evidence 612 provides in relevant part that "an adverse party is entitled to have the writing [used to refresh a witness's recollection] produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness' testimony." As plaintiff notes, "the Court has discretion to decide whether

[documents used to refresh recollection] should be disclosed to the opposing party's counsel under Rule 612[]" (Dkt. No. 128 at 2).

Defense counsel shall segregate and retain all documents used to refresh the witness's memory but need not produce the unredacted versions to examining counsel until after further briefing and hearing on the motion for summary judgment on the Exemption 4 issue, and possibly after an *in camera* review of said documents used to refresh the witness's memory, after which the Court may evaluate the extent to which the document(s) influenced the witness's testimony during the deposition. At this stage, the Court cannot give a definitive answer to defendants' inquiry beyond the foregoing.

**IT IS SO ORDERED.**

Dated: September 25, 2019.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE